THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABEL ROSAS, Appellant. [746 NYS2d 610]

The Supreme Court erred in denying the defendant's post verdict motion pursuant to CPL 330.30 to set aside his conviction based on purported *Rosario* and *Brady* violations (*see People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *Brady v Maryland,* 373 US 83). The defendant argued that the Queens County District Attorney's office improperly failed to provide him with material it possessed concerning statements made by the victims' son.

Pursuant to *People v Rosario (supra),* the prosecution is required to turn over any pretrial statements made by a prosecution witness relating to the subject matter of the witness's testimony. We agree with the defendant that certain statements attributable to the victims' son contained in a memorandum to the District Attorney himself fall within the purview of

*Rosario.* The statements may directly relate to the declarant's identification of the defendant, and the prosecutor's failure to disclose the statements reasonably could have affected the verdict (*see* CPL 240.75; *cf. People v Sorbello,* 285 AD2d 88, *lv denied* 97 NY2d 658). Accordingly, the defendant's CPL 330.30 motion should have been granted.

Since we are ordering a new trial, we note that the defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress his statements to law enforcement authorities is without merit.

In light of our determination, we need not reach the defendant's remaining contention. Altman, J.P., McGinity, Townes and Crane, JJ., concur.